UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:08-CR-00195-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT DONNELL BATTS ) | |
| ) | |

This matter is before the court on defendant's 21 December 2011 *pro se* filing. (DE # 38.)

In 2008, defendant was charged in a criminal information with one count of possession with intent to distribute a quantity of cocaine and cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (Count 1) and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). After waiving indictment and pursuant to a plea agreement, defendant pled guilty to the two offenses, and the court sentenced him to 24 months imprisonment on Count 1 and 60 months imprisonment on Count 2, to be served consecutively to the sentence of imprisonment on Count 1. Defendant did not appeal.

On 21 December 2011, defendant filed the instant pleading on the form used for a petition pursuant to 28 U.S.C. § 2241. A habeas corpus proceeding was opened, <u>Batts v. United States</u>, No. 5:11-HC-2250-FL (E.D.N.C.). On 21 August 2012, on preliminary review, U.S. District Judge Louise Flanagan dismissed the petition without prejudice, directed the Clerk to file the petition as a motion in the instant case as of the original date of filing, and declined to

construe the motion as one pursuant to 28 U.S.C. § 2255. (DE # 38-1.) Because the defendant was challenging his sentence pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and subject to Standing Order No. 11-SO-3 (E.D.N.C. Oct. 18, 2011), Judge Flanagan appointed the Federal Public Defender to represent defendant or secure alternate counsel. (DE # 38-1.)

In the meantime, on 30 May 2012, the Office of the Federal Public Defender filed a motion to withdraw as counsel of record. The Federal Public Defender was appointed as counsel on a limited basis pursuant to Standing Order No. 11-SO-1 (E.D.N.C. Sept. 26, 2011), and in the motion to withdraw, he stated that he had reviewed defendant's case file for crack retroactivity issues and he did not intend to present any motions. (DE # 36.) The court allowed the motion to withdraw. (DE # 37.)

On 23 September 2012, defendant's trial counsel, Scott L. Wilkinson, Esquire, filed a motion to withdraw as counsel. Wilkinson noted that he had been appointed on a limited basis pursuant to Standing Order No. 11-SO-3 and, "after a thorough review of the Defendant's case file for *Simmons* issues," that he did not intent to present any motions on behalf of defendant. (DE # 40.) The court recently allowed that motion to withdraw. (DE # 41.)

Given that all counsel have withdrawn, defendant's 21 December 2011 motion is ripe for disposition. Defendant raises three challenges to his conviction and/or sentence. Setting aside for the moment the issue of whether defendant must challenge his sentence, if at all, under 28 U.S.C. § 2255, the court considers the first ground that defendant raises. Defendant contends that in light of Simmons, his prior North Carolina convictions for (1) driving while impaired, for which he was sentenced to 60 days imprisonment, suspended, and (2) possession with intent to

2

sell or deliver cocaine, for which he was sentenced to 6 to 8 months imprisonment, should not have been counted towards the calculation of his criminal history category. (Br., DE # 38, at 9.) Therefore, defendant argues, he should be re-sentenced.

Defendant misunderstands the application of Simmons. At issue in Simmons was whether a prior North Carolina conviction was for "an offense 'punishable by imprisonment for more than one year.'" Id. at 239. The court held that an offense was punishable by a prison term exceeding one year only if the specific defendant had been eligible for such a sentence considering his criminal history and the nature of the offense. Id. at 243-44. This holding does not benefit defendant in any way. Defendant's sentence was not enhanced or otherwise based on his having previously been convicted of an offense punishable by a prison term exceeding one year. Rather, his criminal history category was based on "prior sentences" (as that term is used in U.S.S.G. §§ 4A1.1 and 4A1.2 (2007)) which he received for the North Carolina convictions. Specifically, defendant received one criminal history point for the driving while impaired conviction because he was sentenced to 60 days imprisonment, suspended. See U.S.S.G. §§ 4A1.1(c), 4A1.2(a)(3) (2007). (See also PSR ¶ 14.) Defendant received two criminal history points for his possession with intent to sell or deliver cocaine because he was sentenced to a custodial term of imprisonment for six to eight months. See U.S.S.G. § 4A1.1(b) (2007). (See also PSR ¶ 15.) Also, he received two additional criminal history points because the instant offense was committed less than two years following his release from custody on the possession with intent to sell or deliver cocaine conviction. See U.S.S.G. § 4A1.1(e) (2007). (See also PSR ¶ 18.) Accordingly, defendant's criminal history points totaled five, thereby placing him in the criminal history category of III. See U.S.S.G., Ch. 5, Pt. A (2007) (four to six criminal history

3

points is a criminal history category III).

Defendant's base offense level of 18 was determined by reference to the quantity of cocaine and cocaine base (crack) involved. See id. § 2D1.1. (See also PSR ¶ 40.) Because defendant accepted responsibility for the offense, the offense level was reduced by three levels, resulting in a total offense level of 15. See U.S.S.G. § 3E1.1(b) (2007). (See also PSR ¶¶ 47-48.) "Based on a total offense level of 15 and a criminal history category of III, the guideline range for imprisonment is 24 to 30 months." (PSR ¶ 51.) See also U.S.S.G., Ch. 5, Pt. A (2007). As noted previously, the court sentenced defendant to 24 months imprisonment on the controlled substance offense. On the firearm offense, the court sentenced defendant to the statutory mandatory minimum term of imprisonment of 60 months. See 18 U.S.C. § 924(c)(1)(A)(i); U.S.S.G. § 2K2.4 (2007). None of the foregoing depended upon whether any of defendant's prior North Carolina convictions were for offenses punishable by imprisonment for more than one year, and therefore, Simmons is not implicated.

The second ground that defendant raises is a challenge to his firearm conviction. He contends that under United States v. Jacobs, 579 F.3d 1198 (10th Cir. 2009), he is actually innocent of the firearm offense. (Pet., DE # 38, at 25-28.) If defendant desires to pursue this challenge, he must do so by way of a habeas corpus petition pursuant to 28 U.S.C. § 2255 on the approved form.

Third, and finally, defendant contends that his sentence on the controlled substance offense should be reduced based on retroactive amendments to the sentencing guidelines, Amendments 706 and 750. (Id. at 29-33.) If defendant desires to pursue a sentence reduction pursuant to 18 U.S.C. § 3582(c), he must file a separate motion, which shall be reviewed by U.S.

4

Probation before submission to the undersigned in accordance with this district's practice.[1]

For the foregoing reasons, defendant's motion is DENIED to the extent it seeks relief pursuant to Simmons.  Otherwise, defendant's motion is DENIED WITHOUT PREJUDICE to his seeking relief under 28 U.S.C. § 2255 and/or 18 U.S.C. § 3582(c).  The Clerk is DIRECTED to mail to defendant the appropriate form for filing a § 2255 petition.

This 11 October 2012.

                                           W. Earl Britt
                                           Senior U.S. District Judge

---

[1] The court notes that at the time defendant was sentenced, Amendment 706 was in effect and applied to reduce defendant's base offense level by two levels.  See U.S.S.G. § 2D1.1, n.10(D) (Supp. May 3, 2008).  (See also PSR ¶ 40.)